MISSISSIPPI VALLEY GAS COMPANY et al., Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent.

No. 72–1157.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1973.

Howard E. Wahrenbrock, Washington, D. C., and John M. Kuykendall, Jr., Jackson, Miss., for petitioners.

J. Richard Tiano, First Asst. Sol., Gordon Gooch, Gen. Counsel, Leo E. Forquer, Sol., George W. McHenry, Jr., First Asst. Sol., F.P.C., Washington, D. C., for respondent.

William B. Cassin, Houston, Tex., for United Gas Pipe Line.

Leon M. Payne, Houston, Tex., and W. DeVier Pierson, Washington, D. C., for United Gas Inc.

William W. Bedwell, Washington, D. C., and James H. Wuller, St. Louis, Mo., for Miss. River Transmission Corp.

J. Evans Attwell and Jack D. Head, Houston, Tex., for Texas Eastern Transmission.

Arnold D. Berkeley, Washington, D. C., for State of Louisiana and others.

Fred G. Benton, Sr., Baton Rouge, La., and Thomas M. Knebel, Washington, D. C., for Willmut Gas & Oil Co.

Peter H. Schiff, Gen. Counsel, P.S.C. for N. Y., Albany, N. Y., and Richard A. Solomon, Washington, D. C., for Public Service Comm. for State of N. Y.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co.

Dan A. Bruce, Thomas G. Johnson and William G. Riddoch, Houston, Tex., for Shell Oil.

---

1.  5 Cir. 1973, 476 F.2d 121.

Richard W. Duesenberg, and Dwight W. Miller, St. Louis, Mo., for Monsanto Co.

John T. Miller, Jr., Washington, D. C., for Monsanto Co. and Texas Gulf Sulphur.

Harry L. Albrecht, Birmingham, Ala., for Southern Natural Gas Co.

Charles E. McGee, John T. Ketcham, and Robert J. Haggerty, Washington, D. C., for Algonquin Gas Transmission Co.

Christopher T. Boland, Washington, D. C., and Robert O. Koch, Owensboro, Ky., for Texas Gas Transmission.

George W. Hugo, Houston, Tex., for Texas Gulf Sulphur.

John S. Schmid, New York City, for Boston Gas Co., and others.

Eaton A. Lang, Jr., Gulfport, Miss., and A. Edward Grashof, New York City, for Miss. Power Co.

Before JOHN R. BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This case is one of a group arising from the adoption by the Federal Power Commission of "curtailment plans" filed by United Gas Pipe Line Company. These curtailment plans were the outgrowth of an order promulgated by the FPC and were aimed at serving the public interest by establishing a rational scheme of allocation of available natural gas in light of the current, somewhat critical, shortage of this much-used fuel. Due to this shortage, pipeline companies found that they would not be able to meet all of their current contractual obligations for delivery of gas. At present, the FPC has not finally approved any of the curtailment plans in question. It has, however, issued two orders, Opinions 606 and 606A, which are reviewable and are now challenged by numerous parties on several grounds before this court. Each of the contentions raised by these petitioners will be considered separately below.

### FPC Jurisdiction to Enter Curtailment Orders Affecting Sales for Resale

At the time this action was initially filed with this court, we had previously held in Louisiana Power & Light Company v. United Gas Pipe Line Company, 5 Cir. 1972, 456 F.2d 326, that the Commission did not have authority under the Natural Gas Act to order curtailment of sales to direct sale customers. In Federal Power Commission v. Louisiana Power & Light Company, 1972, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369, the United States Supreme Court reversed that determination by this circuit and held that the Commission was authorized to entertain curtailment plans with regard to both direct sales and sales for resale. Therefore, this opinion by the Supreme Court has conclusively settled this first issue raised by these petitioners and the Commission's jurisdiction is no longer subject to challenge on this basis.

### Objection to Lack of a "Threshold Determination" by FPC as to Need for Curtailment

In a supplementary brief filed after oral argument, these petitioners strongly object to the imposition by the FPC of curtailment plans filed by the pipelines without some preliminary hearing or determination that curtailment was warranted. We feel that we have adequately addressed these assertions in Alabama Gas Corporation v. Federal Power Commission, 5 Cir. 1973, 476 F.2d 142.

Therefore the opinions and orders of the FPC as to the issues raised by these petitioners are affirmed.